UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

CHARLES E. MAYNARD,

                      Petitioner,

             -v-

UNITED STATES PAROLE COMMISSION
and BARBARA VON BLANCKENSEE,
WARDEN, FCI OTISVILLE,

                      Respondents.

------------------------------------------------------------X

15 Civ. 9682 (PAE)

OPINION & ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/27/2018

PAUL A. ENGELMAYER, District Judge:

      Petitioner Charles E. Maynard, proceeding *pro se*, brings this petition for a writ of habeas corpus (the "Petition") pursuant to 28 U.S.C. § 2241. On December 29, 2017, Magistrate Judge Debra Freeman issued a Report and Recommendation, recommending that the Petition be denied. *See* Dkt. 33 (the "Report"). For the following reasons, the Court adopts the Report in its entirety.

I.     **Background and Procedural Background**[1]

      Maynard challenges: (1) the length of time the United States Parole Commission ("USPC") has required him to serve until his presumptive re-parole date, and (2) his classification as a sex offender, for the purposes of determining the conditions of his confinement, by the Federal Bureau of Prisons ("BOP").

      By way of background, Maynard pleaded guilty in 1982 for bank robbery and bank larceny in the United States District Court for the District of Maryland. In connection with his

---

[1] The Court's summary of the facts of this case is drawn from the detailed account of the facts provided in the Report.

1

sentencing for that offense, a presentence report ("PSR") was prepared. That PSR indicated that, in the period immediately following the bank robbery, Maynard and his conconsipirators "abducted a woman from a street corner, held her at gunpoint, and repeatedly raped her." Maynard alleges that the sex between him and the woman, a prostitute, was instead a consensual encounter. Maynard was sentenced to 30 years' imprisonment but was released on parole in June 1997. That parole supervision was scheduled to end on February 8, 2020. Because his conviction predates the abolition of federal parole for offenses committed after November 1, 1987, *see* Sentencing Reform Act of 1984, Pub. L. 98-473, ch. 2, he remains subject to that federal parole scheme.

On February 10, 2008, Maynard set fire to a motor vehicle with a Molotov cocktail. A Maryland state court sentenced him to 12 years imprisonment for second-degree arson and the manufacture, possession or distribution of a destructive device.

On September 12, 2013, Maynard was taken into federal custody on a warrant issued by the USPC based on his arson and destructive-device convictions. On November 18, 2013, a revocation hearing was held in which Maynard was represented by counsel. One month later, Maynard's parole was revoked. The USPC ordered Maynard to serve 120 months in prison in light of his new conviction and the nature of his "original offense behavior resulting in [his] federal sentence included the kidnapping and rape of a female victim." This term was substantially above the 48 to 60 months recommended by the applicable guidelines.

Once Maynard was taken into BOP custody, he was assigned a Sex Offender PSF classification. This classification limits where Maynard can be housed within the BOP system (*i.e.*, he is likely to be housed in higher security facilities).

On December 16, 2014, Maynard, through counsel, challenged the USPS's parole-revocation determination. And, on May 15, 2015, Maynard challenged his classification, for the purposes of his custody within the BOP, as a sex offender. Both challenges focused, in part, on the fact that the determinations by the agencies in question had relied on the portions of his earlier PSR recounting acts of abduction and rape that he had committed (but with which he had not been charged) in 1982. The USPC and the BOP did not alter their respective determinations in response to Maynard's challenges.

On December 7, 2015, Maynard filed the instant petition. It challenged (1) on substantive due process grounds, the USPC's imposition of a 120-month term imprisonment for his parole violation; and (2) on non-constitutional grounds, the BOP's classification of him as a sex offender. On February 22, 2016, the Government filed its answer. On June 29, 2019, Maynard filed his reply, adding (1) a procedural due process grounds challenge to the USPC's parole-revocation decision and (2) a due-process/ equal-protection grounds challenge to the BOP's classification decision. On November 14, 2017, Judge Freeman directed the Government to file a supplemental submission addressing the issues raised in Maynard's reply. On December 1, 2017, the Government did so.

On December 29, 2017, Judge Freeman filed her Report. To date, Maynard has not filed any objections.

## II.     Discussion

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b) (1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950(KPF)(RLE), 2014 WL 4635575, at *2

3

(S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810(DLC)(AJP), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g., Mims v. Walsh*, No. 04 Civ. 6133(BSJ)(FM), 2012 WL 6699070, at *2 (S.D.N.Y. Dec. 23, 2012) (quoting *Edwards v. Fischer*, 414 F.Supp.2d 342, 346–47 (S.D.N.Y. 2006)).

Because Maynard has not submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Freeman's thorough and well-reasoned Report reveals no facial error in its conclusions. Whether or not reasonable minds could differ as to the wisdom of the USPC's parole determination and the BOP's classification decision, the case law is clear that those decisions fall well within the discretion afforded these agencies on such matters and are owed substantial deference. *See, e.g., Bialkin v. Baer*, 719 F.2d 590, 593 (2d Cir. 1983) ("[A] court may not substitute its own judgment for that of the [parole] commission, but may consider only whether there is a rational basis for the commission's decision."); *Smith v. Coughlin*, 748 F.2d 783, 787-88 (2d Cir. 1984) ("[P]rison administrators, when making classifications need only demonstrate a rational basis for their distinctions"). The Report's decision not to disturb them is correct as a matter of law. (And certainly does not evince clear error.) The Report is therefore adopted in its entirety.

Further, because the Report explicitly states that "FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW," Report at 24, the failure to object operates as a waiver of appellate review. *See Monroe v. Hyundai of Manhattan & Westchester*, 372 F. App'x 147, 147–48 (2d Cir.2010) (summary order) (quoting *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir.2008); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.1992)).

4

## CONCLUSION

For the foregoing reasons, Maynard's petition for a writ of habeas corpus is denied. In addition, the Court declines to issue a certificate of appealability. Maynard has not made a substantial showing of a denial of a federal right, and appellate review is therefore not warranted. See 28 U.S.C. § 2253(c); *Love v. McCray*, 413 F.3d 192, 195 (2d Cir.2005). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The Clerk of Court is directed to close the case.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: July 26, 2018
　　　　New York, New York